UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  08-10058-CIV-MARTINEZ-BROWN

JEFFREY TURNER and JAMES TURNER,

    Plaintiffs,

vs.

KEYBANK NATIONAL ASSOCIATION,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiffs' September 8, 2008 Motion Objecting to Removal, construed as a Motion to Remand to State Court, **(D.E. No. 4)**.

On May 29, 2008, Plaintiffs filed an Amended Complaint in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, asserting claims of breach of contract, fraud in the inducement, and intentional infliction of emotional distress against Defendant KeyBank (Exh. B)(D.E. No. 1).  On July 11, 2008, Plaintiffs entered a notice voluntarily dismissing their claims against the other Defendant in the state court case, Mangrove Marina (Exh. A)(D.E. No. 1).  After July 11, 2008, Defendant KeyBank was the sole remaining Defendant in the case.

On September 2, 2008, Defendant KeyBank ("Defendant") filed a Notice of Removal, alleging jurisdiction on the basis of diversity of citizenship (D.E. No. 1).[1] Plaintiffs' Complaint

---

[1] Twenty-eight U.S.C. § 1332 provides that federal district courts shall have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and where the controversy is between "citizens of different States."  28 U.S.C. § 1332(a).

shows that the amount in controversy exceeds $75,000 (Complaint at 3)(Exh. B)(D.E. No. 1). In its Notice of Removal, Defendant asserted that it is a citizen of Ohio and Plaintiffs are citizens of Florida.[2] Plaintiffs have contested this Court's jurisdiction, asserting that Defendant's business practices and banking locations in Florida mean that diversity jurisdiction is not present. With regard to their own citizenship, Plaintiffs assert that "[t]o the best of there [sic] knowledge there is no such thing as a Florida Citizen." (Pl. Motion at ¶ 3)(D.E. No. 4).

## I.   Defendant's Citizenship

Twenty-eight U.S.C. § 1348 provides, "All national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Schmidt*, 546 U.S. at 307. The Supreme Court explicitly rejected the argument, put forth by Plaintiffs, that a bank is a citizen of every state in which it operates a branch. *Id.* Defendant's articles of association set forth Cleveland, Ohio, as the location of its main office, and Defendant is therefore a citizen of Ohio for diversity purposes.

## II.  Plaintiffs' Citizenship

Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "Domicile" is not simply a party's residence,

---

[2] In its Notice of Removal, Defendant asserted that Plaintiffs had admitted to being Florida citizens by failing to timely respond to the Requests for Admissions Defendant served on them in state court. Plaintiffs assert that the Requests for Admissions were not served on them and that, had the Requests for Admissions been served, they would have objected and sought clarification of the terms used. As discussed below, however, there is evidence of domicile on the record, and it is not necessary for the Court to deem any state court Requests for Admissions admitted in order to rule on the instant motion.

but "his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1258 (internal citations omitted). Plaintiffs' filings in state court include a "Notice of Change Permanent Mailing Address," which states that Plaintiffs have a permanent Florida address (Exh. B)(D.E. No. 6).  Plaintiffs have not denied that they have a "true, fixed, and permanent home" in Florida.  They have not introduced any evidence that they are domiciled in any state other than Florida.  Thus, the entirety of the evidence before the Court indicates that Plaintiffs are citizens of Florida for the purpose of diversity jurisdiction.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiffs' Motion Objecting to Removal **(D.E. No. 4)** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of September, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record
Jeffrey Turner, pro se
James Turner, pro se